65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Barbara J. BOLDEN, et al., individually and on behalf of all
other similarly situated individuals, Plaintiffs-Appellees,
v.
CITY OF JACKSONVILLE, Arkansas; Tommy Swaim, Mayor of
Jacksonville; Annabelle M. Davis, Director of the Parks &
Recreation Department; Emma Knight, Marshall Smith, Robert
Lewis, Terry Sansing, Reedie Ray, Larry Wilson, Gary
Fletcher, Joe Williamson, Phil Keaton, and Avis Twitty,
members of the Jacksonville City Council; Robert Stroud,
Dr. Lindy Bollen, Jr., Dr. Dale Calhoun, Pat Bond, Dr.
Donald Griggs, and Steve Evans, members of the Parks &
Recreation Commission, all in their official capacities,
Defendants-Appellants.
 No. 94-3825.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 19, 1995.
Filed: Aug. 28, 1995.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this Sec. 1983 action, the City of Jacksonville, Arkansas, appeals the district court's[1] judgment enjoining the City from discriminating in the maintenance of Jackson Park, located in a racially identifiable black neighborhood. We affirm.
 
 
 2
 The City first argues that the district court's findings are clearly erroneous because the court failed to address whether Jackson Park's condition is attributable to user abuse rather than neglect by the City, and failed to take into account the park services available to Jacksonville residents at other parks in the City. However, the district court clearly based its decision on findings that the City deliberately neglected Jackson Park for racially motivated reasons. Given the findings of discriminatory intent and adverse impact on the neighborhood, which are not clearly erroneous, the existence of better parks elsewhere in the City is irrelevant.
 
 
 3
 The City also suggests that the district court's order requires it to expend disproportionate Parks and Recreation Department resources to substantially upgrade Jackson Park's facilities. However, we read the order as requiring only that the City continue to provide resources for customary park maintenance services in Jackson Park on a non-discriminatory basis, and that the City document this effort. The order requires neither equal park facilities nor equally attractive parks, but rather substantial equality of effort.
 
 
 4
 The City does not allege that the district court applied the wrong legal standard for a claim of this type. While the plaintiffs' case was not overwhelming, there is sufficient evidence in the record to support the district court's findings and conclusions. We conclude that a more extended discussion would have no precedential value, and therefore affirm on the basis of the district court's opinion. See 8th Cir. R. 47B.
 
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska, sitting by designation